UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| *In re Progressive Leasing Breach Litigation* | FINAL APPROVAL ORDER GRANTING PLAINTIFFS' [91] UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAINTIFFS' [90] MOTION FOR ATTORNEYS' FEES<br><br>Case No.: 2:23-CV-00783-DBB-CMR<br><br>Magistrate Judge Cecilia M. Romero |

Before the Court is Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Memorandum of Law in Support requesting that the Court enter an Order granting final approval of the class action settlement involving Plaintiffs Raymond Dreger, Chad Boyd, Ralph Maddox, Dawn Davis, Richard Guzman, Tyler Whitmore, Melanie Williams, Laura Robinson, Allison Ryan, Marty Alexander, and Stephen Hawes, (collectively "Plaintiffs" or "Class Representatives") and Defendant Prog Leasing, LLC ("Defendant" or "Prog") as fair, reasonable and adequate.

Having reviewed and considered the Settlement Agreement and Plaintiffs' Motion, and having conducted a Final Approval Hearing, the Court makes these findings in addition to those stated on the record at the Final Approval Hearing on February 6, 2026, and grants the relief set forth below approving the settlement upon the terms and conditions set forth in this Final Judgment and Order.

**THE COURT** not being required to conduct a trial on the merits of the case or determine with certainty the factual and legal issues in dispute when determining whether to approve a proposed class action settlement; and

**THE COURT** being required under Federal Rule of Civil Procedure 23(e) to make the findings and conclusions hereinafter set forth for the limited purpose of determining whether the settlement should be approved as being fair, reasonable, adequate and in the best interests of the Settlement Class Members;

**IT IS ON THIS 6th day of February 2026**,

**ORDERED** that:

1.      Unless otherwise noted, words in this Final Judgment and Order with initial capital letters have the same meaning as set forth in the Settlement Agreement.

2.      On November 5, 2025, the Court entered an Order Granting Preliminary Approval of Class Action Settlement (the "Preliminary Approval Order"), which, among other things: (a) approved the Class Notice to the Settlement Class, including approval of the form and manner of notice set forth in the Settlement Agreement; (b) provisionally certified a class in this matter, including defining the Settlement Class; (c) appointed Plaintiffs as the Class Representatives and appointing Daniel Srourian of Srourian Law Firm, P.C. and Tyler J. Bean of Siri & Glimstad LLP as Class Counsel; (d) preliminarily approved the settlement; (e) set deadlines for opt-outs and objections; (f) approved and appointed the Settlement Administrator; and (g) set the date for the Final Approval Hearing.

3.      In the Preliminary Approval Order, pursuant to Federal Rule of Civil Procedure 23(b)(3) and 23(e) the Court defined the Settlement Class and the Settlement subclass for

settlement purposes only. The Court defined the Settlement classes as follows:

> **Settlement Class**: All living individuals residing in the United States who were sent a Notice of Data Incident from Prog indicating their Private Information may have been involved in the Data Incident.
>
> **California Subclass**: All living individuals in the United States who were sent a Notice of Data Incident and are verified to have resided in the State of California on September 11, 2023.

Excluded from the Settlement Class are (1) Prog, and any entity in which Prog has a controlling interest, and Prog's parents, successors, subsidiaries, affiliates, and assigns; (2) any judge, justice, or judicial officer presiding over this Action, and the members of their immediate families and judicial staff; (3) any persons who have released claims relating to the Action; and (4) all Settlement Class Members who submit a valid Request for Exclusion prior to the close of the Opt-Out Period.

4.  The Court, having reviewed the terms of the Settlement Agreement submitted by the Parties, grants final approval of the Settlement Agreement and for settlement purposes only certifies the Settlement Class and the California Subclass as defined herein and in the Preliminary Approval Order, and finds that the settlement is fair, reasonable, and adequate and meets the requirements of Federal Rule of Civil Procedure 23(e).

5.  The Settlement Agreement provides, in part, and subject to a more detailed description of the settlement terms in the Settlement Agreement, for:

    a.  The establishment of a Settlement Fund in the amount of Three Million Two Hundred and Fifty Thousand Dollars ($3,250,000.00).

    b.  A process by which Settlement Class Members who submit valid and timely Claim Forms to the Settlement Administrator will receive twenty-four months of credit monitoring and identity-protection services free of charge.

c. A process by which Settlement Class Members who submit valid and timely Claim Forms with supporting documentation to the Settlement Administrator are eligible to receive compensation for Documented Losses up to a total of $5,000 that will be evaluated by the Settlement Administrator.

d. A process by which Settlement Class Members who resided in California at the time of the Data Incident may elect to receive a California Statutory Payment of up to $100 on a claims-made basis.

e. In the alternative to making Claims for Documented Losses and/or Claims for a California Statutory Payment, Settlement Class Members may elect to receive a Cash Payment of up to $400 on a claims-made basis.

f. A process by which *pro rata* determinations required under the Settlement Agreement shall be performed by the Settlement Administrator upon notice to Class Counsel and Prog's Counsel. In the event that the aggregate amount of all Settlement payments does not exceed the Net Settlement Fund, and the remaining amount is not *de minimis* (as determined by Class Counsel and Prog's Counsel based on calculations provided by the Settlement Administrator), then each Settlement Class Member who elected and is entitled to receive a Cash Payment shall receive funds increased on a *pro rata* basis so that the Net Settlement Fund is depleted. If *pro rata* increases to the Cash Payment are made pursuant to the Settlement Agreement, under no circumstances shall a Settlement Class Member receive more than $400.

g. All costs of class notice and claims administration shall be paid out of the Settlement Fund.

      h. Court-approved Service Awards in the amount of $3,000 to each Class Representative shall be paid out of the Settlement Fund.

      i. Court-approved attorneys' fees to Class Counsel in the amount of one-third of the Settlement Fund and reimbursement of reasonable documented litigation expenses, separate from any benefits provided to Settlement Class Members and the costs of notice and settlement administration and separate from any Service Awards to Class Representatives, shall be paid out of the Settlement Fund.

6. Pursuant to the notice requirements in the Settlement Agreement and the Preliminary Approval Order, the Settlement Administrator provided Notice to Settlement Class Members in compliance with the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The Notice:

      a. Fully and accurately informed Settlement Class Members about the Action and the existence and terms of the Settlement Agreement;

      b. Advised Settlement Class Members of their right to request exclusion from the Settlement and provided sufficient information so that Settlement Class Members were able to decide whether to accept the benefits offered, opt out and pursue their own remedies, or object to the proposed settlement;

      c. Provided procedures for Settlement Class Members to file written objections to the proposed settlement, to appear at the Final Approval Hearing, and to state objections to the proposed settlement; and

      d. Provided the time, date, and place of the Final Approval Hearing.

7. The terms of the Settlement Agreement are fair, reasonable, and adequate, and are hereby approved, adopted, and incorporated by the Court. The Parties, their respective attorneys, and the Settlement Administrator are hereby directed to consummate the Settlement in accordance with this Order and the terms of the Settlement Agreement.

8. Notice of the Final Approval Hearing and the proposed Motion for Attorneys' Fees, Costs, Expenses, and Service Awards have been provided to Settlement Class Members as directed by this Court's orders.

9. The Court finds that such notice as therein ordered constituted the best practicable notice under the circumstances, apprised Settlement Class Members of the pendency of the action, gave them an opportunity to opt out or object, complied with the requirements of Federal Rule of Civil Procedure 23(c)(2), and satisfied due process under the United States Constitution, and other applicable law.

10. As of the final date of time for opting out of the Settlement, three (3) Settlement Class Members have submitted a valid request to be excluded from the settlement. Those persons are not bound by this Final Judgment and Order, as set forth in the Settlement Agreement.

11. The Court has considered all the documents filed in support of the Settlement, and has fully considered all matters raised, all exhibits and affidavits filed, all evidence received at the Final Approval Hearing, all other papers and documents comprising the record herein, and all oral arguments presented to the Court.

12. The Court awards Class Counsel $1,083,333.33 (one-third of the Settlement Fund) in reasonable fees, and $19,270.31 in reimbursement of costs and expenses. The Court finds this

amount to be fair and reasonable. Payment shall be made from the Settlement Fund pursuant to the procedures in the Settlement Agreement.

13. The Court awards a Service Award of $3,000 to each of the named Class Representatives. The Court finds these amounts are justified by the Class Representatives' service to the Settlement Class. Payment shall be made from the Settlement Fund pursuant to the procedures in the Settlement Agreement.

14. As of the Effective Date, Plaintiffs and Settlement Class Members and each and every of their respective past, present, and future heirs, beneficiaries, dependents, spouses, conservators, executors, estates, administrators, assigns, agents, accountants, financial and other advisors, and any other representatives of any of these persons and entities in consideration of the relief set forth in the Settlement Agreement, fully and finally release Defendant and each and every of its past, present, and future assigns, associates, corporations, investors, owners, parents, subsidiaries, affiliates, divisions, departments, officers, directors, shareholders, members, agents, employees, attorneys, insurers, reinsurers, retail partners, benefit plans, predecessors, successors, vendors, managers, administrators, executors, and trustees, from any and all actual, potential, filed or unfiled, known or unknown, fixed or contingent, claimed or unclaimed, asserted or unasserted, liquidated or unliquidated, existing or potential, suspected or unsuspected claims, demands, liabilities, rights, suits, causes of action, obligations, damages, punitive, exemplary or multiplied damages, expenses, costs, losses, attorneys' fees and/or obligations, and remedies of any kind or description, whether in law or in equity, accrued or unaccrued, direct, individual or representative, joint or several, of every nature and description whatsoever, based on any federal, state, local, statutory or common law, whether in tort, contact or quasi-contract, or based on any regulation, rule or any other law, against the Released Parties, or any of them, arising out of or relating to

actual or alleged facts, transactions, events, matters, occurrences, acts, disclosures, statements, representations, omissions or failures to act that the Releasing Parties had or have, that have been or could have been asserted in the Consolidated Class Action Complaint, or that otherwise relate in any way to or arise from the Data Incident. The claims released in this paragraph are referred to as the "Released Claims," and the parties released are referred to as the "Released Parties."

15.     Plaintiffs and the Settlement Class Members waive any principles of law similar to and including Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

16.     Plaintiffs and the Settlement Class Members agree that Section 1542 and all similar federal or state laws, rules, or legal principles of any other jurisdiction are knowingly and voluntarily waived in connection with the claims released in the Settlement Agreement and agree that this is an essential term of the Settlement Agreement. The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of the Release, but that it is their intention to fully, finally and forever settle and release the Released Claims, including but not limited to any Unknown Claims that they may have, as that term is defined in this Paragraph.

17.     In no event shall the Settlement Agreement, any of its provisions, or any negotiations, statements, or proceedings relating to it be offered or received as evidence in the Lawsuit or in any other proceeding, except in a proceeding to enforce the Settlement Agreement (including its Release).

18. Released Claims shall not include the claims of those persons who have timely and validly requested exclusion from the Settlement Class.

19. Settlement Class Members are not precluded from addressing, contacting, dealing with, or complying with requests or inquiries from any governmental authorities relating to the issues raised in this Settlement.

20. The Settlement Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the settlement, are not, and shall not be construed as, used as, or deemed evidence of, any admission by or against Defendant of liability, fault, wrongdoing, or violation of any law, or of the validity or certifiability for litigation purposes of the Settlement Class or California Subclass or any claims that were or could have been asserted in the Action.

21. The Settlement Agreement and this Final Approval Order and Judgment, and all documents, supporting materials, representations, statements and proceedings relating to the settlement shall not be offered or received into evidence, and are not admissible into evidence, in any action or proceeding, except that the Settlement Agreement and this Final Approval Order and Judgment may be filed in any action by any Defendant or the Settlement Class Members seeking to enforce the Settlement Agreement or the Final Approval Order and Judgment.

22. If the Settlement Agreement is not approved or consummated for any reason whatsoever, the Settlement Agreement and settlement and all proceedings had in connection therewith shall be without prejudice to the rights of the parties to the Settlement Agreement status quo ante.

23. The matter is hereby dismissed with prejudice and without costs except that the Court reserves jurisdiction over the consummation and enforcement of the Settlement.

24. The Court reaffirms the appointment of CPT Group as the Settlement Administrator.

25. The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and the Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Settlement Agreement.

26. In accordance with Federal Rule of Civil Procedure 23, this Final Judgment and Order resolves all claims against all parties in this action and is a final order. There is no just reason to delay entry of final judgment in this matter, and the Clerk is directed to file this Final Judgment and Order in this matter.

**IT IS SO ORDERED.**

Signed February 6, 2026.

BY THE COURT

_____
David Barlow
United States District Judge